*Huang v. Lynch*

BIA
Segal, IJ
A201 119 008

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand fifteen.

PRESENT:
> GUIDO CALABRESI,
> REENA RAGGI,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

_____

AI QIN HUANG,
> *Petitioner,*

> v.                                                        14-2152
>                                                           NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,1
> *Respondent.*

_____

**FOR PETITIONER:**          Joshua Bardavid, New York, New York.

_____

1 Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch  is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:**     Joyce R. Branda, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Michele Y. F. Sarko, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ai Qin Huang, a native and citizen of the People's Republic of China, seeks review of a May 21, 2014, decision of the BIA affirming a December 6, 2011, decision of an Immigration Judge ("IJ") denying Huang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ai Qin Huang,* No. A201 119 008 (B.I.A. May 21, 2014), *aff'g* No. A201 119 008 (Immig. Ct. N.Y. City Dec. 6, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir.

2

2008).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Huang's, which are governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination.  Huang's argument that her documentary evidence rehabilitated her incredible testimony was not made before the BIA, and thus is not properly before this Court.  *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 (2d Cir. 2007).

Huang argues further that the agency failed to consider whether she had established a well-founded fear of future persecution.  To the extent that she claims her documentary

3

evidence shows that she will be "singled out individually" for harm, 8 C.F.R. § 1208.13(b)(2)(iii), the adverse credibility determination is dispositive of that contention. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142-43 (2d Cir. 2008). Regarding her argument that she has established a "pattern or practice" of persecution, 8 C.F.R. § 1208.13(b)(2)(iii)(A), she has not established that she is a member of a group that is persecuted, in light of the agency's adverse credibility determination. *Cf. Paul v. Gonzales*, 444 F.3d 148, 150 (2d Cir. 2006).

Huang's argument that the agency erred in failing to assess independently her claim for CAT relief is also foreclosed by *Paul*. A "petition for CAT relief may fail because of an adverse credibility ruling rendered in the asylum context where the factual basis for the alien's CAT claim was the same as that rejected in [her] asylum petition." *Id.* at 157.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument

4

in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk